1
2
3
4
5
6
7
8
9        UNITED STATES DISTRICT COURT
10       SOUTHERN DISTRICT OF CALIFORNIA
11
KELLY VAN,                          )    Civil No. 10cv1051 AJB (WVG)
12                                  )
                  Plaintiff,        )
13   v.                             )    ORDER GRANTING MOTION TO
                                    )    DISMISS
14   JAMES CAMERON, TWENTIETH       )
     CENTURY FOX; DUNE              )
15   ENTERTAINMENT, INC.; INGENIOUS )    [Doc. No. 48]
     FILM PARTNERS, LLP; INGENIOUS  )
16   FILM PARTNERS 2; FUTURE SERVICE,)
     INC.; LIGHT STORM ENTERTAINMENT,)
17   INC.; DOES 2-10                )
                                    )
18                Defendants.       )
                                    )
19   _____)

20          The Defendants filed a motion, [Doc. No. 48], to dismiss the Second Amended Complaint

21   (hereinafter "SAC") with prejudice[1] pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)[2] and

22   Defendants also request judicial notice of the copyrighted work and the alleged infringing work.[3]  The

23   Plaintiff filed an opposition and the Defendants filed a reply.  The hearing set for October 28, 2011 at

24   1:30 p.m. before Judge Battaglia is hereby VACATED as the Court finds this motion appropriate for

25   _____

26   [1] Defendants previously filed a motion to dismiss the First Amended Complaint and that motion was
     granted.

27   [2] Unless otherwise stated, all rule references are to the Federal Rules of Civil Procedure.

28   [3] Defendants request for judicial notice is DENIED AS MOOT in light of the Defendants previous and
     identical request in this case, which the Court already granted.  *See* Doc. No. 46.

                                            1

1   submission on the papers without oral arguments pursuant to Civil Local Rule 7.1.d.1.  For the reasons

2   set forth below, the Defendants' motion to dismiss the SAC is hereby GRANTED WITH PREJUDICE.

3                                                    <u>BACKGROUND</u>

4          On August 1, 2011, Plaintiff filed the SAC alleging four causes of action: 1) copyright infringe-

5   ment under 17 U.S.C. § § 106, 501(a), against all Defendants; 2) contributory copyright infringement,

6   against all Defendants except Cameron; 3) vicarious copyright infringement, against all Defendants

7   except Cameron; and 4) violations of the California Business and Professions Code § § 5400, 17500

8   against all Defendants.  (Doc. No. 47.)  Defendants filed a Motion to Dismiss Second Amended

9   Complaint and Request for Judicial Notice on August 15, 2011. (Doc. No. 48.)  According to her

10  complaint, Plaintiff wrote a novel entitled "Sheila the Warrior: The Damned" (*hereinafter "Sheila"*)

11  around the year 2000, published the book in 2003, and copyrighted it in 2004. (Doc. No. 48 at 3.) The

12  plot of *Sheila* involves the title character whose husband and children die in a car crash, prompting her

13  to travel to the planet Tibet to volunteer as a hospital administrator. (Doc. No. 12-3, Ex. B.)  On Tibet,

14  Sheila befriends a woman named Claire, falls in love with a human miner, and fights off an evil

15  invading alien species, the Blood Suckers. (*Id.*)  Claire falls in love with one of the Crowpeople, a

16  feathered species who can fly and who descended from the original human settlers of Tibet. (*Id.*) In a

17  portion of the novel taking place twenty years in the future, Sheila discovers the secret of how humans

18  first reached Tibet. Sheila works to get the various tribes on the planet to keep this secret from others

19  who may want to come to Tibet and exploit it for its stores of gold.  (*Id.*)

20         Plaintiff accuses Defendants' movie *Avatar* of infringing on her copyright *Sheila* novel.

21  Defendant James Cameron wrote and directed *Avatar*, which was partially financed by Defendant Dune

22  Entertainment, LLC and was released in December 2009 by Defendant Twentieth Century Fox Film

23  Corporation. (Doc. No. 48-1 at 2.)   The plot of *Avatar* tells the story of an injured ex-Marine, Jake, who

24  travels to the planet Pandora after his twin brother dies in a violent crime. (Doc. No. 12-3, Ex. A.)  On

25  Pandora, Jake must take his brother's place by occupying the body of an avatar to work for a mining

26  company. (*Id.*)   Jake's assignment was to infiltrate the native tribe, the Na'vi, in order to defeat them

27  and recover more unobtainium, the planet's precious mineral resource.  (*Id.*)  Jake at first works as a spy

28

1  for the mining company, then eventually falls in love with a woman in the native tribe, adopts the tribe's

2  ways, and helps them fight off the mining company. (*Id.*)

3  ### *Legal Standard*

4      A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

5  legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250

6  F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as

7  true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving

8  party.  *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). To avoid a Rule 12(b)(6)

9  dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts

10  to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

11  (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to

12  draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

13  ––– U.S. ––––, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

14      However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

15  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

16  do."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alteration in

17  original).  A court need not accept "legal conclusions" as true. *Iqbal*, 129 S.Ct. at 1949. In spite of the

18  deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume

19  that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the ...

20  laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

21  *Council of Carpenters*, 459 U.S. 519, 526 (1983).  "Where a complaint pleads facts that are 'merely

22  consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

23  entitlement to relief.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

24  ### *Discussion*

25      To state a case for copyright infringement under the Copyright Act, a plaintiff must show 1)

26  ownership of a valid copyright, and 2) copying of constituent elements of the work that are original.[4]

27  The second prong of this test requires Plaintiff demonstrate that Defendants had access to Plaintiff's

28  ---

[4] *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010)(*quoting Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006)).

1   work and that there is substantial similarity between protected elements of Plaintiff's work and elements

2   of Defendant's work.  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2006); *Kouf v. Walt Disney*

3   *Pictures & Television*, 16 F.3d 1042, 1044 n.2 (9th Cir. 1994).

4        In the context of a Rule 12(b)(6) motion in a copyright infringement case, dismissal is proper

5   where the works at issue are, as a matter of law, not substantially similar.  *Christianson v. West Publ'g*

6   *Co.*, 149 F. 2d 202, 203 (9th Cir. 1945).  The similarities alleged by a plaintiff must be from the

7   particular expression of Plaintiff's ideas, not the general ideas themselves, because general ideas are not

8   protected by Plaintiff's copyright. *Rice*, 330 F. 3d at 1174; *Kouf*, 16 F.3d at 1045.  The court may only

9   consider whether the "protectable elements, standing alone, are substantially similar," *Cavalier v.*

10  *Random House, Inc.* 297 F.3d 815, 822 (9th Cir. 2002).  To show substantial similarity as a matter of

11  law, Plaintiff must meet the Ninth Circuit extrinsic test and allege articulable similarities between the

12  plot, themes, dialogue, mood, setting, pace, characters, and sequence of events.  *Benay*, 607 F. 33d. at

13  624, *quoting Kouf*, 16 F.3d at 1045.

14      *1. Plot*

15      The SAC does not establish that the works have a substantially similar plot.  Plaintiff notes that

16  both works involve traveling to another plant with the intent to assimilate, infiltrate and study the new

17  habitat, both works include characters who have a desire to sleep through the "devastation" of their lives,

18  both describe how time is lost on the new planet, both include persons studying the new planet and

19  protecting those studies, both include a "beautiful planet" with various types of creatures, both include

20  characters who fall in love, both works include characters who learn to fly.  But as previously decided,

21  these plot similarities are abstract ideas that are not protected by copyright, but are instead standard

22  treatments flowing from unprotectable ideas.

23      *2. Themes*

24      Plaintiff's Opposition failed to establish substantial similarity in theme. *See* Opposition, Doc. No.

25  49, at p. 37.  Similarities alleged again stem from abstract ideas that arise naturally from the idea of

26  human beings traveling to a new planet.  Space travel, assimilation, mystery and secrecy do not rise to

27  the level of particular expression of an idea required for a successful copyright claim.  The overall themes

28  in the two works do, however, have important differences.  *Sheila* centers on love, family and friendship

1    while *Avatar* is a story focusing on colonialism and environmentalism.

2         ***3. Dialogue***

3         The Plaintiff's Opposition failed to sufficiently plead facts showing substantial similarity in

4    dialogue. *See* Opp. at 34-7.  The examples provided by the Plaintiff fail to show any similarities that

5    would rise to the level of being substantial.  Such examples lack similarities in vocabulary and meaning,

6    only vaguely referencing a similar  abstract idea at times.  For example, the dialogue, "It was all a big

7    secret back then and up until four years ago we didn't even know that there was a science base clear on

8    the other side of the planet, unavailable to any of us"[5] and "There's a mobile link up at Site 26 we can

9    work out of, way up in the mountains"[6] share no similarities other than the general idea that a second

10   remote science facility exists on each planet.

11        ***4. Setting***

12        The Plaintiff's SAC does not sufficiently plead facts showing substantial similarity in setting.

13   Such setting similarities alleged by Plaintiff are again unprotectable, general ideas or *scenes a faire*.

14   Comparisons noting beautiful and colorful planets away from earth, multiple-leveled homes in trees,

15   scientific facilities, and ships from earth are not expressions of a particular copyrightable setting.  Such

16   settings are scenes a faire and not protected under Plaintiff's copyright.  Significant setting differences,

17   however, exist in the stories' respective planets.  *Avatar*'s Pandora, for instance, is almost completely

18   undeveloped.  *Sheila*'s Tibet, in contrast, is highly developed and includes shopping malls, schools,

19   movie theaters, etc.. Such a setting difference is substantial because a major plot point in *Avatar* is based

20   on Pandora's  unexploited and natural setting.

21        ***5.  Pace***

22        The Plaintiff's Opposition failed to plead ample facts showing substantial similarity in pace. *See*

23   Opp. at 37-38.  The plots of the two works differ significantly in time.  The Plaintiff alleges that the

24   references to past years of training and studying in *Avatar* establishes that the work takes place over a

25   time period lasting a couple of decades as opposed to the Defendant's claim that *Avatar* takes place over

26   a few months.  These references, however, are only briefly mentioned and are never depicted in the work.

27   This differs compared to the pace of *Sheila* in which the story jumps ahead many years in the future

28   ──────────────
     [5] *See Sheila* at 120.
     [6] *See*, SAC at 64; *see also Avatar* scene 14.

1  describing  the lives of Sheila's now grown children.  Lastly, the SAC does not make any allegations

2  about the final part of the extrinsic test focusing on  substantial similarity in mood in the two works.

3      ***6. Character***

4      Third, Plaintiff's SAC failed to establish substantial similarity between characters.  Similarities

5  alleged do not rise to the level of particular expression of an idea required for a successful copyright

6  claim because such similarities stem from abstract ideas.  For example, Claire and Sully both fall in love

7  with locals on their respective planets, assimilate and undergo transformations.  Other alleged similarities

8  between the characters of *Sheila* and *Avatar* are general ideas, that characters have the ability to fly,

9  characters are protective of their planet, characters have healing powers, and characters are greedy.

10  Significant differences exist between all characters referenced by Plaintiff. For example, the main

11  character in *Sheila,* Sheila,  is a wealthy businesswoman who falls in love with a human man, while the

12  main character in *Avatar*, Jake, is a paraplegic ex-Marine falls in love with a native woman who is an

13  alien species.  Also, the trees in *Avatar* and the Leafers from *Sheila* have very important differences in

14  that the Leafers have human features and speak with others on the planet whereas the trees in *Avatar*

15  share no such characteristics.  Other alleged similarities between *Avatar*'s Na'vi and *Sheila*'s "green

16  lady," Leafers, Behemoths and Crowmen are improper attempts at amalgamating characters to prove

17  substantial similarity between characters.

18      ***7. Sequence of Events***

19      The Plaintiff fails to establish substantial similarity in the sequence of events. *See* Opp. at 4-13.

20  The allegations and examples provided by Plaintiff reference more closely allegations showing a

21  similarity in plot, as opposed to sequence of events.  Many such scenes described to be similar often take

22  place in portions of the works that are not analogous and Plaintiff makes little effort to prove such.

23  *Sheila* undergoes many changes in sequencing in which the story undergoes flashbacks and flash-

24  forwards.  *Avatar*, on the underhand, largely stays consistent in that the time line proceeds chronologi-

25  cally throughout the work.

26      As set forth above, the Plaintiff has failed to plead sufficient facts to show Defendant's movie is

27  substantially similar to protectable elements of her copyrighted novel in sequence of events, plot,

28  characters, setting, dialogue, theme pace, or mood.  Since the Plaintiff did not allege sufficient facts to

establish the elements of a copyright infringement claim, her claims for contributory infringement and vicarious copyright infringement, as well as her claim for false advertising under California Business and Professions Code § § 5400, 17500 also fail.

### ***Conclusion***

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss and dismisses in the SAC **WITH PREJUDICE** for failure to state a claim. The Court has reviewed the allegations of the SAC liberally and has already granted Plaintiff leave to amend once and specified how Plaintiff should amend her complaint to state a claim. *See* Doc. No. 46. In light of the continued failure to plead sufficient facts to support her claims despite being represented by counsel, the Court finds dismissal with prejudice warranted, because granting leave to amend would be futile.

IT IS SO ORDERED.


DATED:  September 26, 2011


_____
Hon. Anthony J. Battaglia
U.S. District Judge