1  MITCHELL SILBERBERG & KNUPP LLP
   Robert H. Rotstein (SBN: 72452)
2  11377 West Olympic Boulevard
   Los Angeles, California 90064-1683
3  Telephone: (310) 312-2000
   Facsimile: (310) 312-3100
4  rxr@msk.com

5  LATHAM & WATKINS
   Daniel Scott Schecter (SBN: 171472)
6  355 S. Grand Avenue
   Los Angeles, California 90071
7  Telephone: (213) 485-1234
   Facsimile: (213) 891-8765
8  daniel.schecter@lw.com

9  LATHAM & WATKINS
   Natalie Prescott (SBN: 246988)
10 600 West Broadway, Suite 1800
   San Diego, California  92101
11 Telephone:  (619) 236-1234
   Facsimile:  (619) 696-7419
12 natalie.prescott@lw.com

13 Attorneys for Defendants
   Twentieth Century Fox Film Corporation (erroneously sued as
14 "Twentieth Century Fox"); Dune Entertainment LLC (erroneously
   sued as "Dune Entertainment, Inc."); Lightstorm Entertainment, Inc.
15 (erroneously sued as "Light Storm Entertainment, Inc."), and James
   Cameron
16

17                 UNITED STATES DISTRICT COURT

18               SOUTHERN DISTRICT OF CALIFORNIA

19                      SAN DIEGO DIVISION

20 KELLY VAN,                          CASE NO.  10-CV-1051 AJB WVG

21            Plaintiff,               Judicial Officer: Hon. Anthony J. Battaglia
                                       Location:   (Telephonically)
22      v.                                         Clerk's Office 880 Front Street, suite
                                                   4290, San Diego, CA 92101
23 JAMES CAMERON; TWENTIETH            Date:       November 7, 2011
   CENTURY FOX; DUNE ENTERTAINMENT,    Time:       10:30 a.m.
24 INC; INGENIOUS FILM PARTNERS 2;
   FUTURE SERVICE INC.; LIGHT STORM    **DECLARATION OF NATALIE**
25 ENTERTAINMENT, INC.; DOES 2-10,     **PRESCOTT**

26            Defendants.

27

28

                                       CASE NO.  10-CV-1051 AJB WVG
                                       PRESCOTT DECLARATION

1

## DECLARATION OF NATALIE PRESCOTT

2          I, NATALIE PRESCOTT, declare:

3          I am an attorney at law licensed to practice before the Courts of the State of California and

4    this United States District Court.  I am an associate with the law firm of Latham & Watkins LLP,

5    attorneys for Twentieth Century Fox Film Corporation (erroneously sued as "Twentieth Century

6    Fox"); Dune Entertainment LLC (erroneously sued as "Dune Entertainment, Inc."); Lightstorm

7    Entertainment, Inc. (erroneously sued as "Light Storm Entertainment, Inc."), and James Cameron

8    (collectively "Defendants") in this matter.  Unless otherwise stated, I have personal knowledge of

9    the following facts and, if called and sworn as a witness, could and would competently testify

10   thereto.

11          1.      On or about September 27, 2011, the Court granted judgment to Defendants in this

12   action, and, therefore, pursuant to Local Rule 54.1, Defendants are the prevailing parties entitled

13   to recover their costs.  Judgment was filed by the Court in favor of Defendants on October 3,

14   2011.  A true and correct copy of the Court's Judgment is attached hereto as Exhibit A.

15          2.      Submitted simultaneously herewith is the Declaration of Pamela Burchette,

16   attesting to the amount of costs incurred in connection with obtaining a certified copy of Plaintiff's

17   copyrighted work, which was submitted as Exhibit B to the Request For Judicial Notice, Docket

18   No. 12-2, filed in support of Defendants' motion to dismiss Plaintiff First Amended Complaint.

19          3.      The costs contained in the Bill of Costs for reproduction of documents are for the

20   cost of papers necessarily provided to the court or to opposing counsel either by court order, rule,

21   or statute, or necessarily were used as court exhibits attached to a motion.  As such, they are

22   properly recoverable pursuant to 28 U.S.C. §§ 1920(3)&(4) and Local Rule 54.1.b.6.  Based on

23   my review of the records in this matter, with respect to each and every item identified on the Bill

24   of Costs, I verify that (1) the items claimed as costs are correct; (2) the costs have been necessarily

25   incurred in the defense of this action; (3) services for which fees have been charged were actually

26   and necessarily performed; and (4) costs have been paid or the obligation for payment has been

27   incurred.

28

                                                              1          **CASE NO.  10-CV-1051 AJB WVG**
                                                                         PRESCOTT DECLARATION

1     I declare under penalty of perjury under the laws of the United States that the foregoing is

2  true and correct.  Executed on October 17, 2011, at San Diego, California.

3

4  *Natalie Prescott /kelr (with permission*

   Natalie Prescott

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        2         CASE NO.  10-CV-1051 AJB WVG
                                                  PRESCOTT DECLARATION

# Exhibit A

AO 450 Judgment in a Civil Case

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Kelly Van

**v.**

James Cameron; Twentieth Century Fox; Dune
Entertainment, Inc.; Ingenious Film Partners, LLP,
Ingenious Film Partners 2; Future Service Inc.; Light
Storm Entertainment, Inc., Does 2 - 10

**JUDGMENT IN A CIVIL CASE**

**CASE NUMBER:**   10cv1051 AJB (WVG)

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒   **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

    The Court hereby grants Defendants' Motion to Dismiss and dismisses Second Amended Complaint with prejudice for failure to state a claim. The Court has reviewed the allegations of the Second Amended Complaint liberally and has already granted Plaintiff leave to amend once and specified how Plaintiff should amend her complaint to state a claim. In light of the continued failure to plead sufficient facts to support her claims despite being represented by counsel, the Court finds dismissal with prejudice warranted, because granting leave to amend would be futile.

| October 3, 2011 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

s/ C. Ecija
(By) Deputy Clerk
ENTERED ON October 3, 2011

10cv1051 AJB (WVG)

Exhibit _A_
Page _3_