Natu J. Patel, SBN 188618
Jason Chuan, SBN 261868
Carla Federis, SBN 266611
**THE PATEL LAW FIRM, P.C.**
2532 Dupont Drive
Irvine, California 92612-1524
Office:       949.955.1077
Facsimile:   949.955.1877
NPatel@thepatellawfirm.com

Attorneys for Plaintiff,
Kelly Van

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY VAN,<br><br>        Plaintiff,<br><br>    vs.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX; DUNE ENTERTAINMENT, INC.; INGENIOUS FILM PARTNERS, LLP; INGENIOUS FILM PARTNERS 2; FUTURE SERVICE INC.; LIGHT STORM ENTERTAINMENT, INC, DOES 2-10,<br><br>        Defendants. | Case No.: 3:10-cv-01051 AJB WVG<br>Hon. Anthony J. Battaglia<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO SEEK RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(1) AND (b)(6)**<br><br>Date:       February 10, 2012<br>Time:      1:30 p.m.<br>Courtroom:  12 |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

ARGUMENT ...................................................................................................... 1

I.   RELIEF UNDER RULE 60(b)(6) SHOULD BE GRANTED BECAUSE PLAINTIFF
     HAS DEMONSTRATED EXTRAORDINARY CIRCUMSTANCES THAT MEET THE
     NINTH CIRCUIT STANDARD ......................................................................... 1

     A.   A Default Judgment or Dismissal for Failure to Prosecute is Not Required to
          Justify Relief Under Rule 60(b)(6) ........................................................ 2

     B.   Mirch's Gross Negligence Constitutes Extraordinary Circumstances that Justify
          Relief Under Rule 60(b)(6) .................................................................. 3

          i.   Mirch's deficient attempts to plead Van's claims constitute gross
               negligence .............................................................................. 3

          ii.  Mirch's preoccupation with the disciplinary proceedings of Kevin Mirch,
               which were not disclosed to Van, constitute gross negligence ................. 4

     C.   Rule 60(b)(6) Relief Is Warranted Because an Amended Complaint Will Prevent
          Irreparable Injury and Ensure the True Merits Are Heard ................................ 5

II.  PLAINTIFF'S REQUEST FOR RELIEF UNDER RULE 60(b)(1) IS UNOPPOSED BY
     DEFENDANTS, AND IS FURTHER JUSTIFIED BECAUSE VAN'S OWN NEGLECT
     WAS EXCUSABLE ..................................................................................... 6

III. DEFENDANTS WILL NOT BE PREJUDICED IF THE COURT GRANTS VAN
     RELIEF TO FILE AN AMENDED COMPLAINT .................................................. 7

IV.  RELIEF IS JUSTIFIED BECAUSE PLAINTIFF'S MERITORIOUS COPYRIGHT
     INFRINGEMENT CLAIMS WERE DISMISSED BY THE COURT'S REVIEW OF
     MIRCH'S GROSSLY DEFICIENT PLEADINGS .................................................. 8

     A.   Erroneous Judgment from Which Relief Is Sought Was the Result of Mirch's
          Gross Negligence ............................................................................. 8

     B.   Relief is Justified Because an Amended Complaint Will Establish the Specific
          and Concrete Substantial Similarities Between *Avatar* and *Sheila* .............. 8

          i.   An amended complaint will demonstrate proper application of the Ninth
               Circuit extrinsic test ................................................................... 8

          ii.  Elements of the works that are dissimilar are irrelevant to determine
               copyright infringement ................................................................ 9

        iii.     Substantially similar elements should be viewed in their entirety and not in fragments ............................................................................................... 10

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Baxter v. MCA*, Inc., 812 F.2d 421, 425 (9th Cir. 1987) ................................ 9

*Benay v. Warner Bros. Ent. Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) ........................................ 8, 9

*Cavalier v. Random House, Inc.* 297 F.3d 815, 822 (9th Cir. 2002) .............................................. 4

*Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)....................... 2, 3, 4, 6

*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) .......................................................... 3

*Funky Films Inc. v. Time Warner Entm't, Co., L.P.*, 462 F.3d 1072 (9th Cir. 2006) ................. 8, 9

*Harper Row, Publishers Inc. v. Nation Enters.*, 471 U.S. 539, 564 (1985)................................... 9

*Lal v. State of Cal.*, 610 F.3d 518 (9th Cir. 2010) ........................................................ 6

*Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1103 (9th Cir. 2006) ................ 2, 3, 4, 5, 6, 7

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................... 4, 5

Fed. R. Civ. P 60(b) ................................................................................ 1, 2, 3, 4, 5, 6, 7, 10

Fed. R. Civ. P. 68................................................................................................ 2, 5

# INTRODUCTION

Plaintiff Kelly Van ("Van") respectfully requests this Honorable Court to consider the extraordinary circumstances that have prevented her meritorious claims from proceeding and grant the motion for relief from judgment (the "Motion") to avoid irreparable injury. Defendants[1] would have this Court erroneously believe that no relief is possible unless: the final order is a default judgment or a dismissal for failure to prosecute; gross negligence of counsel involves missing all filing deadlines and hearings; or the final judgment was based on an erroneous ruling of law.  While the above scenarios have been grounds to grant relief, ***these are not the exclusive grounds.***

Simply put, the gross negligence of Van's counsel led to deficient pleadings that masked the true merits of the case.  As such, the Court's dismissal for failure to state a claim was erroneously lodged.  Relief under Fed. R. Civ. P. 60(b) is proper and will allow Van to amend the complaint.  In doing so, the Court will finally have an opportunity to consider the merits of the facts based on established Ninth Circuit case law.  Therefore, the Motion should be granted.

# ARGUMENT

## I.   RELIEF UNDER RULE 60(b)(6) SHOULD BE GRANTED BECAUSE PLAINTIFF HAS DEMONSTRATED EXTRAORDINARY CIRCUMSTANCES THAT MEET THE NINTH CIRCUIT STANDARD

Defendants argue that Van's claims were dismissed because they lack merit.  (*See* Opposition p. 1).  This is not accurate.  The Mirch Law Firm's ("Mirch") gross negligence resulted in pleadings that did not conform to Ninth Circuit standards for copyright infringement or this Court's orders.  (*See* Declaration of Kelly Van ("Van Decl.") ¶ 12).  Mirch merely

---

[1]  Defendants James Cameron, Twentieth Century Fox Film Corporation (incorrectly sued as "Twentieth Century Fox"); Dune Entertainment LLC (incorrectly sued as "Dune Entertainment, Inc."); Lightstorm Entertainment, Inc. (incorrectly sued as "Light Storm Entertainment, Inc.") (collectively, the "Defendants").

incorporated raw facts without any coherent organization or legal connections that resulted in grossly deficient pleadings.  As such, the order dismissing the complaint with prejudice (the "Order") was lodged because the Court was never presented with the facts that establish the merits of the claims.  Thus, Van seeks judicial relief under Rule 60(b)(6) that allows the Court to "relieve a party…from a final judgment…for any other reason justifying relief..."  Utilizing the Ninth Circuit standard for relief from judgment, Van's Motion clearly demonstrates that "both injury and circumstances beyond [her] control" prevented her action from properly proceeding.  *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).

A.    <u>**A Default Judgment or Dismissal for Failure to Prosecute is Not Required to Justify Relief Under Rule 60(b)(6)**</u>

Defendants contend that Van's request for relief under Rule 60(b)(6) is not justified because the final order was not a default judgment or a dismissal for failure to prosecute.  (*See* Opposition p. 4).  This is not a requirement of Rule 60(b)(6) nor has judicial interpretation of the law made it a requirement.  Courts do not grant relief only in instances of default judgments or dismissals.  Rather, the court simply ***<u>reviews relief liberally</u>*** in those instances because default judgments are disfavored and prevent a ruling on the merits.  *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1103 (9th Cir. 2006).

Defendants cite *Latshaw* to assert that Rule 60(b)(6) relief based on gross negligence of counsel is only granted for default judgments.  In *Latshaw*, the plaintiff relied on *Community Dental v. Tani* in an attempt to use the court's previous analysis of gross negligence to reverse her own acceptance of a Fed. R. Civ. P. 68 judgment.  *Id*. at 1103.  Despite allegations that counsel misled plaintiff to accept the judgment, the court declined relief because counsel's gross negligence did not conceal the merits of the claim.  *Id*. at 1104-05.  As such, the plaintiff's acceptance was voluntary and the court opined that Rule 68 is meant to encourage settlement,

while default judgments prevent a ruling on the merits.  *Id*. at 1103.  Even though the court

clarified that its holding in *Tani* was dependent on the default judgment, ***it did not state that Rule***

***60(b)(6) relief is expressly reserved for default judgments***.

Accordingly, Defendants' arguments are meritless.  As such, Van is requesting relief

from this Honorable Court's Order, which is eligible for review under Rule 60(b)(6).

**B.      Mirch's Gross Negligence Constitutes Extraordinary Circumstances that
Justify Relief Under Rule 60(b)(6)**

Defendants arrogantly argue that Van does not point to any gross negligence committed

by Mirch that would justify relief.  (*See* Opposition p. 5).  This is patently false since Van has

clearly stated facts related to Mirch's gross negligence in both the Motion and Van Declaration.

**i.      Mirch's deficient attempts to plead Van's claims constitute gross
negligence**

In *Community Dental v. Tani*, the plaintiff was granted relief from final judgment

because the attorney "virtually abandoned his client by failing to proceed with his client's

defense despite court orders" and was deemed grossly negligent.  *Community Dental v. Tani*, 282

F.3d 1164, 1170 (9th Cir. 2002).  The Ninth Circuit in *Latshaw* confirmed that the relief in *Tani*

was dependent on the default judgment.  *Latshaw*, 452 F.3d at 1103. Yet, the policy

considerations underlying default judgments lend credence to Van's request for relief.  Rule

60(b) is "remedial in nature and…must be liberally applied.  [Default judgments are] appropriate

only in extreme circumstances; a case should whenever possible, be decided on the merits."  *Id*.;

*see Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  Thus, outside the context of a default

judgment, ***when gross negligence prevents the court from hearing the merits of the case, relief***

***should granted to prevent prejudice***, even if the application is more narrowly construed.

The basis of Mirch's conduct is no less negligent than the attorney in *Tani*, simply

because Mirch haphazardly responded to pleadings and eventually attended hearings previously

missed.  This Court provided explicit instructions on how to plead the eight elements of the Ninth Circuit extrinsic test, yet Mirch in effect abandoned his client by failing to proceed effectively.  Mirch's second amended complaint merely added fourteen additional pages of unorganized raw facts that failed to plead the elements of theme, dialog, mood, pace, and sequence of events under the extrinsic test, while stating facts under elements outside of the extrinsic test such as scenes, physique, demeanor, attire, emotions, powers and rituals.

*Tani* resulted in a default judgment because the lower court had no other recourse when the attorney entirely failed to plead or defend the case.  Here, the case was dismissed when the Court granted Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss after Mirch essentially abandoned his client with his deficient pleadings.

Therefore, based on Mirch's gross negligence, relief under Rule 60(b)(6) is appropriate so as to permit Van to amend the complaint.  Even if Rule 60(b)(6) is narrowly construed, the Court, in reviewing the Motion and Van Declaration, can consider the merits of Van's "protectable elements, standing alone, [that] are substantially similar."  *Cavalier v. Random House, Inc*. 297 F.3d 815, 822 (9th Cir. 2002).

### ii.   Mirch's preoccupation with the disciplinary proceedings of Kevin Mirch, which were not disclosed to Van, constitute gross negligence

Defendants purport that Kevin Mirch's suspension from the State Bar of California does not constitute gross negligence because it did not take effect until after the Court dismissed the case.  (*See* Opposition, p. 6).  This is absolutely false because Van was greatly prejudiced by Mirch's preoccupation after Mr. Mirch stipulated to the suspension while Van's case was still pending.

Again, Defendants cite *Latshaw* to assert that the plaintiff was accountable for her choice of counsel.  *Latshaw* is distinguishable in this context because the plaintiff alleged that the

erroneous advice of her counsel led her to accept an unfavorable Rule 68 judgment.  Plaintiff was therefore held accountable for her choice of counsel as well as her choice to voluntarily sign the Rule 68 acceptance.  *See Latshaw*, 452 F.3d at 1104.

Here, Van was unaware that any state bar proceeding had commenced or that a suspension was pending.  (Van Decl., ¶ 11).  Mr. Mirch stipulated to his suspension on May 16, 2011, while being represented by his wife and Mirch partner, Marie Mirch.  (*See* Declaration of Natu J. Patel ("Patel Decl.") Exhibit A).  From the date Mr. Mirch signed the stipulation, the case docket is clear as to Mirch's continued participation in the case: Mirch missed the hearing on the motion to dismiss on June 24; Mirch filed a continuance on June 30; Mirch was granted leave to amend with explicit instructions on July 13; Mirch filed the amended complaint on August 1; and Mirch filed the reply to Defendants motion to dismiss on August 30.

Thus, Mirch was responsible for key pleadings and responses ***after*** Mr. Mirch stipulated to the sanctions.  Regardless of the fact that these pleadings were signed by Mrs. Mirch, preoccupation with the impending suspension was evident by the deficient state of the pleadings.

Therefore, in the interest of justice, Van respectfully requests that the Court grant relief from judgment under Rule 60(b)(6) and allow an amended complaint using the meritorious facts that meet the Ninth Circuit standard for copyright infringement.  (*See* Van Decl., ¶¶ 3-10).

### C.   Rule 60(b)(6) Relief Is Warranted Because an Amended Complaint Will Prevent Irreparable Injury and Ensure the True Merits Are Heard

Defendants improperly argue that no irreparable injury exists because dismissal was proper.  (*See* Opposition p. 6).   If Van is not granted relief to amend her complaint, the Court will never hear the real merits of Van's claims.  That harsh penalty, conveyed in the form of a seemingly innocuous Rule 12(b)(6) dismissal, is enough to justify relief.

In *Lal v. State of California*, the plaintiff was granted Rule 60(b)(6) relief from a dismissal for failure to prosecute due to the gross negligence of her attorney.  *See Lal v. State of Cal.*, 610 F.3d 518 (9th Cir. 2010).  While the attorney's conduct in *Lal* resembled that in *Tani* where relief was granted, it was the underlying policy consideration the court analyzed that bears highlighting.  "In both instances [default judgment and dismissal for failure to prosecute], the consequences of the attorney's action (or inaction) is a loss of the case on the merits."  *Id.* at 524.  Applying this rationale to the present case, Mirch's gross negligence caused the loss of the case on the merits.  Since the Court was never presented with a properly plead complaint, relief must be granted to prevent irreparable injury.

## II.    PLAINTIFF'S REQUEST FOR RELIEF UNDER RULE 60(b)(1) IS UNOPPOSED BY DEFENDANTS, AND IS FURTHER JUSTIFIED BECAUSE VAN'S OWN NEGLECT WAS EXCUSABLE

Defendants' arguments that Van must be held accountable for the mistakes, acts, omissions and negligence of her counsel are irrelevant.  (*See* Opposition p. 3).  Here, as a separate ground for relief, Van seeks relief ***due to her own mistake and excusable neglect***.  Rule 60(b)(1) provides that "the court may relieve a party…from a final judgment… for…mistake, inadvertence, surprise, or excusable neglect."

Here, Van's neglect was her failure to seek out information pertaining to any current or pending disciplinary proceedings against Mirch.  Had Van done so, new counsel would have been timely sought to prevent further prejudice.

This neglect is excusable because Van materially relied on Mirch's express representations that Mr. Mirch was a licensed practitioner and would act as lead counsel in the case.  Van had no reason to question Mirch's representations or believe that Mr. Mirch was on the verge of suspension from practicing law and would not be able to represent her for the duration of the litigation.  Again, this is distinguishable from *Latshaw* where the plaintiff

voluntarily dismissed her $800,000 claims for $15,000, regardless of the advice of counsel.  *See Latshaw*, 452 F.3d at 1101-02.

Therefore, Van's neglect is excusable and relief under Rule 60(b)(1) should be granted.

## III.   DEFENDANTS WILL NOT BE PREJUDICED IF THE COURT GRANTS VAN RELIEF TO FILE AN AMENDED COMPLAINT

Defendants argue that if they are forced to respond to Plaintiff's arguments again they will be significantly prejudiced due to the significant costs associated with filing another motion to dismiss. Yet, in the next sentence Defendants suggest Plaintiff pursue an appeal before the Ninth Circuit, at a much greater cost to both parties.  (See Opposition p. 7).  This brings into question Defendants sincerity regarding its equity argument.

In addition, Defendants credibility in suggesting prejudice due to significant defense costs is questionable when considering the Defendants' strategy in responding to Van's pleadings and the Motion.[2]  Furthermore, Van's prejudice in not having her claims properly presented to the Court far outweighs any alleged prejudice the Defendants may incur.  In fact, Defendants confidently assert throughout the Opposition that Van's claims lack merit.  (See Opposition p. 1, 6, 8-18).  Thus, responding to an amended complaint using its previously developed arguments and research should not incur significant costs.  Therefore, the Court should weigh actual prejudice to Van more than any alleged prejudice to the Defendants, and grant relief under the Motion.

---

[2] Defendants, in their recent communication to Plaintiff's counsel, claim that they have evidence establishing that Mr. James Cameron drafted a scriptment for Avatar in or around 1998.  Plaintiffs invited Defendants to file Mr. Cameron's declaration to that effect with the Opposition so that this issue could be resolved immediately before the Court.  Defendants, however, failed to do so.  While puzzling, Defendants' conduct proves that significant defense costs do not seem to be of any concern to them.

**IV.    RELIEF IS JUSTIFIED BECAUSE PLAINTIFF'S MERITORIOUS COPYRIGHT INFRINGEMENT CLAIMS WERE DISMISSED BY THE COURT'S REVIEW OF MIRCH'S GROSSLY DEFICIENT PLEADINGS**

**A.    <u>Erroneous Judgment from Which Relief Is Sought Was the Result of Mirch's Gross Negligence</u>**

Defendants argue that Van is not entitled to relief because she does not demonstrate that the Court erred by concluding that *Avatar* is not substantially similar to *Sheila the Warrior: The Damned* ("*Sheila*"). This is false. An erroneous judgment can be challenged on several grounds and does not require mistake of law as the Defendants imply. (*See* Opposition p. 8). The Court did not have the benefit of a full factual and legal analysis due to Mirch's gross negligence and Van's excusable neglect. Therefore, the Court was prohibited from properly ruling on the full purview of the facts and lodged an erroneous judgment that is being challenged by the Motion.

**B.    <u>Relief is Justified Because an Amended Complaint Will Establish the Specific and Concrete Substantial Similarities Between *Avatar* and *Sheila*</u>**

Contrary to Defendants' almost seven-page argument, Plaintiff did properly apply the Ninth Circuit extrinsic test. (*See* Opposition p. 10-17). Additionally, Defendants use the Opposition to improperly focus on the dissimilarities between the works and choose fragments of similarities in the Motion to argue that the stated commonality is abstract. This is not persuasive.

**i.    <u>An amended complaint will demonstrate proper application of the Ninth Circuit extrinsic test</u>**

Having carefully considered the elements of the Ninth Circuit extrinsic test as found in *Benay v. Warner Bros.* and *Funky Films v. Time Warner*, the Motion establishes examples of protectable elements that stand alone as substantially similar between the two works in plot[3],

---

[3] Defendants misuse the Ninth Circuit extrinsic test regarding *Avatar*. In the element of <u>plot</u>, Defendants focus on a small mention of the greedy executive in *Avatar* and the greedy geologist in *Sheila* and improperly expand this plot point into a full analysis of character. (*See* Opposition p. 11). The Motion does not compare the two in the <u>character</u> section, thus Defendants argument is meritless.

sequence of events[4], characters, themes, dialogue, mood, pace[5], and setting despite Defendants' false arguments to the contrary. *See Benay v. Warner Bros. Ent. Inc.*, 607 F.3d 620, 624 (9th Cir. 2010); *see Funky Films Inc. v. Time Warner Entm't, Co., L.P.*, 462 F.3d 1072 (9th Cir. 2006). For the first time, Van's facts are properly stated using the Ninth Circuit's extrinsic test. But for the gross negligence of counsel, Van's opportunity to present these concrete similarities would have occurred in previous pleadings. Thus, the Court now has an opportunity to rule on **_the complete merits_** of the case.

Therefore, Van respectfully requests that the Court review the merits of the facts as they demonstrate substantial similarities as to protectable expressions in the eight elements. (*See* Van Decl., ¶¶ 3-10).

        ii.     **<u>Elements of the works that are dissimilar are irrelevant to determine copyright infringement</u>**

Generally, courts evaluate the quality of copyright expression by focusing on the value of the copied material of the plaintiffs work. *Harper Row, Publishers Inc. v. Nation Enters.*, 471 U.S. 539, 564 (1985). Without such an approach, plagiarists can escape liability by adding other material to the portions copied to minimize the extent of the copied material. Additionally, a small amount of copying that is particularly important to the plaintiff's work can make the later work substantially similar. *Baxter v. MCA*, Inc., 812 F.2d 421, 425 (9th Cir. 1987).

---

[4] Defendants' absurdly claim that the last <u>sequence of events</u> comparison takes place at the end of *Avatar* and 140 pages from the end of *Sheila*. An infringing work does not have to end where the infringed work ends. Nor does *Avatar* need to have copied the final 140 pages of *Sheila* to be considered an infringing work. (*See* Opposition p. 12).

[5] Defendants misrepresent that *Avatar* takes places over a span of a few months whereas *Sheila* spans decades of time. (*See* Opposition p. 16). In fact, the film, *Avatar*, starts in 2098 AD on Earth and jumps five years to 2103 AD once the setting moves to Pandora.

Here, focusing on only the dissimilarities, as Defendants suggest, would yield inequitable results.  Therefore, Plaintiff urges this Court to focus on the similarities, especially at this very initial pleading stage.

### iii.   Substantially similar elements should be viewed in their entirety and not in fragments

Defendants improperly argue that there is only a nine-word comparison between Sheila and Sully, i.e., they are 'well liked by coworker' and they 'butt heads with their supervisors.'" (Opposition p. 13).  Based on that, Defendants claim that this nine-word expression cannot be a protectable expression.  Defendants have conveniently failed to acknowledge the extensive similarities identified in the Motion, which far exceeds 300 words.  (*See* Van Decl., ¶ 5).  Thus, when viewed in the entirety, each element has substantial detail in order to state the concrete similarities.

### CONCLUSION

Plaintiff respectfully requests this Court to grant relief under Rule 60(b) and allow her to appropriately amend the complaint.  Van finds herself in this difficult situation due to Mirch's gross negligence, because of which the Court has not had the benefit of considering the full facts and legal authority in a comprehensive manner.  The two works in question are substantially similar, as demonstrated in the Motion, and therefore Plaintiff respectfully requests that the Court grant the Motion.

Dated: November 21, 2011                    Respectfully Submitted,

                                                     **THE PATEL LAW FIRM, P.C.**


                                                     s/Natu J. Patel
                                                     Natu J. Patel
                                                     Attorney for Plaintiff

**CERTIFICATE OF SERVICE**
SOUTHERN DISTRICT OF CALIFORNIA
Van v. Cameron, et al.: Case No.: 3:10-cv-01051 AJB WVG

The undersigned certifies that on November 21, 2011 the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO SEEK RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(1) AND (b)(6)**

Pursuant to L.R. 5.3, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system.  Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

s/Natu J. Patel
Natu J. Patel